

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00180-CV

**IN RE** Feliciano **SANCHEZ** and Leticia Sanchez

Original Proceeding[1]

Opinion by:    Irene Rios, Justice

Sitting:        Irene Rios, Justice
               Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: July 8, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On March 6, 2026, relators, Feliciano and Leticia Sanchez, filed their petition seeking a writ of mandamus directing the trial court to withdraw its February 5, 2026 order granting a temporary injunction and to dismiss the underlying suit for lack of jurisdiction. The real parties in interest, Paul and Eloisa Alden, have filed a response in opposition and the Sanchezes have filed a reply. We conditionally grant the petition.

---

[1]This proceeding arises out of Cause No. 25-11-29977-CV, styled *Paul Alden and Eloisa Alden v. Feliciano Sanchez and Leticia Sanchez*, pending in the 454th Judicial District Court, Medina County, Texas, the Honorable Daniel J. Kindred presiding.

## I.        BACKGROUND

This original proceeding arises from an action for declaratory judgment and injunctive relief filed in the 454th Judicial District Court of Medina County ("Medina Court") that seeks to avoid the effects of a final judgment and post-judgment enforcement order rendered by the 81st/218th Judicial District Court of Atascosa County ("Atascosa Court"). The Sanchezes contend that the Medina Court exceeded its authority in signing a February 5, 2026 temporary injunction that enjoins the enforcement of a post-judgment order rendered by the Atascosa Court granting the judicial foreclosure of real property owned by the Aldens located in Medina County ("Atascosa Foreclosure Order"). The Sanchezes further assert that the proceedings in the Medina Court constitute an impermissible collateral attack on the Atascosa Court's final judgment and the Atascosa Foreclosure Order. The Aldens contend that the Atascosa Foreclosure Order is void because it permits the judicial foreclosure of their alleged homestead and is thus subject to collateral attack in the Medina Court.

### A.  *The Atascosa County Litigation*

On December 21, 2022, the Sanchezes filed suit against the Aldens and ATS Capital alleging fraud in a real estate transaction, common-law fraud, breach of contract, and tortious interference arising from an owner finance agreement for the sale of real property in Poteet, Texas. The Aldens were served on March 15, 2023. On April 8, 2023, the Aldens, acting pro se, filed a one-page answer styled "Statement of Actual Facts". The Sanchezes obtained a default judgment against ATS Capital and their claims against ATS Capital were severed. ATS Capital is not a party to this original proceeding. The Sanchezes later amended their suit against the Aldens to include a claim under the Uniform Fraudulent Transfers Act.

On May 21, 2025, the Sanchezes moved for summary judgment. The Aldens did not file a response. The Atascosa Court held a hearing on June 23, 2025 and granted summary judgment against the Aldens, awarding the Sanchezes $250,000 in actual damages, $500,000 in exemplary damages, court costs, and prejudgment and postjudgment interest. The court further noted the prior default entered against ATS and that the June 23, 2025 judgment constituted final judgment. The Aldens did not appeal.

On August 6, 2025, the Sanchezes moved for judicial foreclosure of a judgment lien against real property owned by the Aldens and situated in Medina County ("Medina Property"). The Atascosa Court set the hearing on August 25, 2025. At the hearing, the Atascosa Court issued the Foreclosure Order finding that the Sanchezes held a valid judgment lien on the Aldens' Medina Property and that said property was not exempt from execution. The court ordered the judicial foreclosure of the Aldens' Medina Property and directed the clerk of court to issue a writ of execution, sale, and possession of said property ordering the Medina County Sheriff to sell the property by public auction within 90 days of the writ's issuance. The writ issued on August 29, 2025.

On September 24, 2025, the Aldens filed a motion to set aside the summary judgment and enforcement order, and they also filed a motion for new trial.[2] Among other grounds, the Aldens expressly argued that the Medina Property was their homestead and therefore exempt from forced sale. The motion was supported with the affidavits of Paul Alden and Eloisa Alden, the Land Owner Finance Agreement, Atascosa County tax records related to the Poteet property, and various tax records dated in 2025, but relating to tax years 2023 and 2024.

---

[2] The motion for new trial was not timely filed. The timeliness of the motion is inconsequential to our analysis.

The motion to set aside was set for hearing on October 14, 2025. At the hearing, the Atascosa Court took notice of the prior filings and exhibits in the case and heard live testimony from Leticia Sanchez. The Sanchezes offered evidence controverting the affidavits of Paul and Eloisa Alden. The Aldens offered no additional evidence at the hearing. The Atascosa Court denied the Aldens' motions. The foreclosure sale was scheduled for November 4, 2025.

## B. *The Medina County Litigation*

On October 31, 2025, the Aldens filed a new lawsuit in the 454th Judicial District Court of Medina County seeking a declaratory judgment that the Medina Property was exempt from judicial foreclosure as their homestead and injunctive relief enjoining enforcement of the Foreclosure Order. The Aldens did not seek any other relief except for attorneys' fees and general relief. The Medina Court issued a restraining order on November 3, 2025, enjoining the sale of the Medina Property. The temporary restraining order set a hearing on the application for temporary injunction for November 10, 2025, and imposed a $150 bond.

The Aldens filed a brief in support of injunctive relief wherein they raised the same arguments that they had advanced to the Atascosa Court in their motion to set aside and the hearing thereon. The Sanchezes filed an answer and emergency motion to dismiss for lack of jurisdiction. On November 10, 2025, the Medina Court held a hearing on the Aldens' motion for temporary injunction, and the Sanchezes' motion to dismiss for lack of jurisdiction.

On February 5, 2026, the Medina Court signed an "Order Granting Temporary Injunction" enjoining the Sanchezes from proceeding with any foreclosure of the Medina Property.[3] The order

---

[3] The evidentiary record before the Medina Court differed materially from the record before the Atascosa Court. The Atascosa Court's rulings rested on the summary judgment record, the affidavits of Paul and Eloisa Alden, and evidence of tax filings made by Paul Alden on May 3, 2025 purporting to demonstrate the existence of a homestead in 2023 and 2024, supplemented by live testimony from Leticia Sanchez. The Medina Court based its rulings on the pleadings, briefs, exhibits, and arguments of counsel. The exhibits considered in the Medina Court proceedings did not include the tax records presented at the Atascosa Court proceedings or the affidavit of Eloisa Alden. It also contained a materially different affidavit from Paul Alden than the one presented to the Atascosa Court.

contains findings of fact and conclusions of law, among them a conclusion that the Foreclosure Order "is void as it authorizes judicial foreclosure of [the Aldens'] homestead in violation of the Texas Constitution."

### C. *Proceedings in the Fourth Court of Appeals*

On February 25, 2026, the Sanchezes filed a notice of interlocutory appeal from the temporary injunction order, and on March 6, 2026, the Sanchezes filed this original proceeding. They moved to abate the interlocutory appeal pending resolution of this original proceeding on March 9, 2026, which we granted. The Sanchezes contend that the temporary injunction issued by the Medina Court is void because it does not set a bond or trial in violation of rules 683 and 684 of the Texas Rules of Civil Procedure and that the proceedings in Medina County constitute an impermissible collateral attack on the Atascosa Court's final judgment and enforcement order. The Aldens filed their response on April 9, 2026. The Sanchezes have filed a reply.

## II.    MANDAMUS STANDARD

Mandamus is an extraordinary remedy available only when the relator shows that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *see also Walker v. Packer*, 827 S.W.2d 833, 839-41 (Tex. 1992). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016).

A trial court clearly abuses its discretion when its ruling is arbitrary or unreasonable, or when it is made without regard for guiding legal principles or supporting evidence. *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 578 (Tex. 2012). A trial court also abuses its discretion when it fails to analyze or apply the law correctly. *H.E.B.*, 492 S.W.3d at 302–03.

The second requirement focuses on whether the relator has an adequate remedy at law, such as an appeal. *Walker*, 827 S.W.2d at 840, 842. The adequacy of an appellate remedy is a practical and prudential question that "depends heavily on the circumstances presented." *Prudential*, 148 S.W.3d at 137. It is not measured solely by whether an eventual appeal is procedurally available. *See Id.* at 136. Rather, the term adequate "is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* The Texas Supreme Court has explained:

> Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* The Texas Supreme Court has already performed that balancing test for void orders and concluded that a relator need not establish that it lacks an adequate alternative remedy at law when the challenged order is void. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) ("[B]ecause the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate."); *see also In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) ("If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." (quoting *Sw. Bell Tel. Co.*, 35 S.W.3d at 605)). Thus, although a temporary injunction order is ordinarily appealable by interlocutory appeal, mandamus relief may be available when the temporary injunction order is

void, not merely voidable. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4); *see also Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *accord Panchakarla*, 602 S.W.3d at 539.

## III.   LAW AND ANALYSIS

### A.  *The Collateral Attack Doctrine*

Under the Texas Constitution, all district courts are courts of equal and general jurisdiction. TEX. CONST. art. V, § 8; *see Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding). Because Texas district courts are courts of equal jurisdiction, one district court does not possess the authority to disturb, alter, or interfere with the judgment of another. *See Placke*, 698 S.W.2d at 362 ("This original mandamus proceeding presents the question whether a district court may declare void the judgment of another district court. We hold that absent a showing that the prior court lacked jurisdiction, no such declaration is permissible."); s*ee also Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973).

A party that disagrees with the judgment of a district court may directly challenge that judgment "in the court rendering the judgment or in another court that is authorized to review the judgment on appeal or by writ of error." *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881. "The purpose of a direct attack is to change the former judgment and secure the entry of a correct judgment in lieu of the earlier incorrect one." *Id.*

A collateral attack is not an effort to correct, modify, or vacate a prior judgment, but rather it is an effort to avoid the binding effect of that judgment. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Even if "an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment." *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972). Such "[c]ollateral attacks on

final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Prostok*, 165 S.W.3d at 345 (citing *Tice v. City of Pasadena,* 767 S.W.2d 700, 703 (Tex.1989)). Collateral attacks "run counter to the judicial system's strong policy of finality by attempting to bypass the appellate process in challenging the integrity of a judgment." *Interest of D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (internal quotation marks omitted) (quoting *Prostok*, 165 S.W.35 at 346). They seek "to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012).

### B. The Exception to the Collateral Attack Doctrine – Void Orders

The rule against collateral attacks has one narrow exception. A final judgment may be collaterally attacked if it is void. *Prostok*, 165 S.W.3d at 346 ("Only a void judgment may be collaterally attacked."). "Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction." *Placke*, 698 S.W.2d at 363 (citing *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881).

A judgment is void only when the court rendering judgment either had (1) "no jurisdiction of the parties or property," (2) "no jurisdiction of the subject matter," (3) "no jurisdiction to enter the particular judgment, or" (4) "no capacity to act." *PNS Stores, Inc.*, 379 S.W.3d at 272 (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)); *see Placke*, 698 S.W.2d at 363; *Interest of D.S.*, 602 S.W.3d at 512 ("A judgment is void, rather than voidable, when it is apparent that the court rendering judgment had no jurisdiction [over] the parties or property, no jurisdiction [over] the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." (internal citations omitted) (quoting *Prostok*, 165 S.W.3d at 346)); *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) ("Under Texas law, res judicata does not

apply when the first tribunal lacked subject-matter jurisdiction. A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack." (footnotes omitted)); *accord PNS Stores, Inc.*, 379 S.W.3d at 273 (reaffirming the definition of void judgments as set forth in *Placke*, but extending the collateral attack doctrine to judgments "when a failure to establish personal jurisdiction violates due process."); *Waters at N. Hills, LLC v. Bexar Appraisal Dist.*, 414 S.W.3d 897, 901 (Tex. App.—San Antonio 2013, pet. denied); *In re Blankenship*, 392 S.W.3d 249, 254 (Tex. App.—San Antonio 2012, no pet.).

"All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack." *Placke*, 698 S.W.2d at 363; *see Austin Indep. Sch. Dist.*, 495 S.W.2d at 881–82 (holding that question regarding whether school district had statutory authority to condemn and transfer land would only make judgment voidable, not void, thus order was not subject to collateral attack). The mere fact that a judgment "is contrary to a statute, constitutional provision or rule of civil or appellate procedure" does not make it void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). A Constitutional error makes an order "voidable" or erroneous. *Id.* Because a litigant may only attack a judgment collaterally once the time to bring a direct attack has expired, "[t]he distinction between void and voidable judgments is critical…." *PNS Stores, Inc.*, 379 S.W.3d at 272.

A judgment is presumed valid when attacked collaterally. *Id.* at 273 (citing *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994)). That presumption may be rebutted when the record establishes a jurisdictional defect. *Id.* (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)); *see also White v. White*, 179 S.W.2d 503, 506 (Tex. 1944) ("In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect.").

The Aldens' suit in Medina Court falls squarely within this prohibition. Rather than appealing from the Atascosa Court's judgment or seeking mandamus to enjoin the foreclosure sale and denial of the motion to set aside, the Aldens filed a new action in a different district court expressly seeking to relitigate issues that had been presented and resolved against them.

The narrow exception permitting collateral attacks on void orders does not apply. The Aldens contend that the Medina Property is their homestead and thus not subject to judicial foreclosure by the Atascosa Court. They presented their evidence and arguments that the Medina Property was their homestead to the Atascosa Court. The Atascosa Court was not satisfied that the Aldens' evidence and affidavits established that the Medina Property was indeed their homestead and thus exempt from execution. The Aldens do not assert that the Atascosa Court was without jurisdiction to determine whether the Medina Property was their homestead. Rather, the Aldens beg the question that the Medina Property is their homestead therefore the Atascosa Court, and by implication any court, could not consider whether such assertion is true.

### C. The Atascosa Court Had Jurisdiction to Determine Whether the Medina Property Was the Aldens' Homestead

"Neither the Texas Constitution nor the Property Code defines 'homestead' with specificity." *Norris v. Thomas*, 215 S.W.3d 851, 853 (Tex. 2007). The concept, and the protections afforded by it, pre-date statehood. *Id.* at 854. Courts have been consistently tasked with determining what is and what is not a person's protected homestead. *See id.* at 859 (holding that a yacht that a person lives on permanently is not a homestead); *see also Cullers v. James*, 1 S.W. 314, 315 (Tex. 1886) (finding a house may be a homestead even if the owner has no proprietary interest in the land on which the house stands); *Lares v. Garza*, No. 04-03-00546-CV, 2004 WL 572328, at *3 (Tex. App.—San Antonio Mar. 24, 2004, no pet.) (mem. op.) (upholding district court ruling that property was not appellant's homestead when the ultimate issue turned on witness

credibility). The homestead cases all share a common thread—that the courts of this state possess jurisdiction to determine whether a property is or is not a person's homestead.

The Alden's did not contest whether the Atascosa Court had jurisdiction to determine whether the Medina Property was their homestead. Rather, they contend that the Atascosa Court's determination was incorrect. We do not consider whether the Aldens satisfied their initial burden to establish the Medina Property as their homestead. *See Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972) ("[T]he initial burden [of establishing the existence of a homestead] is upon the person who claims the exemption."). The Atascosa Court had jurisdiction over the subject matter, the parties, and the property. If that court erred, that order was voidable, not void. Accordingly, the Medina Court lacked authority to disrupt the judgment of a court of co-equal jurisdiction.

The Aldens' petition in the 454th Judicial District Court of Medina County, as pled, seeks no other relief but to avoid the binding effects of the final judgment and enforcement orders rendered in the 81st/218th Judicial District Court of Atascosa County. It is an impermissible collateral attack. The Medina County District Court lacked authority to entertain the suit or grant the relief that it ordered. The February 5, 2026 temporary injunction order is void. We conditionally grant the petition for writ of mandamus and direct the respondent to (1) vacate the February 5, 2026 temporary injunction order and (2) dismiss the underlying cause for want of jurisdiction within fourteen days of the date of this opinion. The writ will issue only if the respondent does not comply.

Irene Rios, Justice